# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| JALBERT | CIVIL ACTION NO. 6:19-CV-00423 |
| VERSUS | JUDGE JUNEAU |
| WESSEL GMBH | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING AND JUDGMENT

Currently pending before the Court is a "Motion to Withdraw Reference," Rec. Doc. [1], filed by Wessel GmbH Fördertechnik und Pelletieranlagen ("Wessel") pursuant to 28 U.S.C. § 157(d), Fed. R. Bank. P. 5011, and Local Rule 83.4.3., to withdraw the reference to the bankruptcy court of all claims asserted by Craig Jalbert, the Chapter 11 Liquidating Trustee of Louisiana Pellets, Inc. and German Pellets Louisiana, LLC (collectively "Plaintiffs") against Wessel,[1] and an Opposition filed by the Plaintiffs, Rec. Doc. [5].  For the following reasons, the motion is DENIED.

**I. Background**

On February 16, 2018, Plaintiffs filed a complaint[2] for recovery of alleged fraudulent transfers alleging that Wessel received numerous avoidable transfers.  Wessel answered the Complaint on June 13, 2018 and filed an amended answer on June 18,

---

[1] The bankruptcy proceeding is *Jalbert v. Wessel GmbH*, Adversary Proceeding No. 18-05015 (Bankr. W.D. La.).  The record in the bankruptcy proceeding will hereinafter be referred to as Bank. Rec. Doc.
[2] Bank. Rec. Doc. 1.

2018.[3] In both answers Wessel stated, "JURY TRIAL IS DEMANDED AS TO ALL ALLEGATIONS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS IF ANY" and objected to the entry of final orders by the bankruptcy court.[4]

On August 23, 2018, the bankruptcy court entered a Scheduling Order and set a bench trial date for February 21, 2019.[5] At the request of the parties, on December 19, 2018 the deadlines were extended, and the hearing on pretrial motions and the trial were reset for April 12, 2019.[6] The parties then engaged in discovery until March 22, 2019, when Wessel filed a Motion to Continue Trial Setting[7] requesting that the bankruptcy court delay the April 12, 2019 trial date until after the resolution of the Motion for Summary Judgment he intended to file.

In accordance with the Scheduling Order, on March 25, 2019, Wessel filed a Motion for Summary Judgment,[8] which was set for hearing on April 12, 2019 – the day of the trial. Wessel filed the instant Motion to Withdraw the Reference, Rec. Doc. [1], on April 3, 2019, a mere nine (9) days before the trial was scheduled to begin. He then on April 10, 2019 filed an Amended Pretrial Stipulation acknowledging "that this is a bench trial, but without conceding any of the arguments made in the recent motion to withdraw the

---

[3] Bank Rec. Doc. 21 and 26.
[4] *Id.*
[5] Bank. Rec. Doc. 30.
[6] Bank. Rec. Doc. 43.
[7] Bank. Rec. Doc. 52.
[8] Bank. Rec. Doc. 55.

reference pending before the district court."[9] On April 12, 2019, the bankruptcy court denied Wessel's Motion for Summary Judgment, held the bench trial and took the merits of the matter under advisement.[10] On June 21, 2019, the bankruptcy court entered judgment in favor of Wessel, and against Jalbert,[11] and on July 3, 2019, Jalbert filed an appeal in this Court.[12]

Wessel requests this Court to withdraw the adversary proceeding from the bankruptcy court pursuant to 28 U.S.C. § 157(d), Fed. R. Bank. P. 5011, and Local Rule 83.4.3 and to allow the matter to proceed before this Court, Rec. Doc. [1], claiming cause exists for the withdrawal of this matter because: (1) Wessel has asserted the right to a jury trial under the Seventh Amendment of the United States Constitution and does not consent to the bankruptcy court conducting a jury trial and (2) Plaintiff's fraudulent conveyance claims may not be tried by the bankruptcy court pursuant to *Stern v. Marshall*, 131 S. Ct. 2594, (2011) reh'g denied, 132 S. Ct. 56, (U.S. 2011). Plaintiffs oppose the Motion, Rec. Doc. [5].

## II. Discussion

Although Wessel initially requested a jury in its answers, Wessel's subsequent conduct shows its consent to proceed before the bankruptcy judge in a bench trial. Wessel's conduct includes:

---

[9] Bank. Rec. Doc. 74.
[10] Bank. Rec. Doc. 78.
[11] Bank Rec. Doc. 81.
[12] Jalbert v. Wessel G m b H 6:19-cv-00870, Rec. Doc. 1.

(1) participation in a pre-trial scheduling conference which set a bench trial in the bankruptcy court,[13]

(2) filing two joint motions to set new bench trial dates in the bankruptcy court,[14]

(3) filing a Motion to Continue the Trial Setting in the bankruptcy court,[15]

(4) filing a Motion for Summary Judgment to have the Trustee's suit resolved by the bankruptcy court,[16] and

(5) filing a Joint Pre-Trial Motion for the bench trial set in bankruptcy court stipulating to the bankruptcy court's jurisdiction.[17]

Wessel did not mention its request for a jury trial in any of these filings and did not mention the request again until it filed the Motion to Withdraw the Reference nine days before the bench trial was set to begin in bankruptcy court. In addition, when Wessel filed its Motion to Withdraw the Reference, it did not file a Motion to Expedite a hearing on the matter before this Court or a Motion to Stay the Bankruptcy Proceedings. A reasonable inference from these circumstances is that Wessel was trying to leave this issue open while proceeding in bankruptcy court in the event that the bankruptcy court ruled against it.

---

[13] Bank. Rec. Doc. 30.
[14] Bank. Rec. Doc. 42 and 49.
[15] Bank. Rec. Doc. 52.
[16] Bank. Rec. Doc. 55.
[17] Bank. Rec. Doc. 65.

Accordingly, this Court finds that Wessel waived its right to a trial by jury and consented to a bench trial in bankruptcy court by failing to take other actions consistent with a jury demand and/or by failing to timely seek withdrawal of the reference. Wessel knowingly and voluntarily consented to resolution of the Trustee's claims before the bankruptcy court; there is therefore no constitutional infirmity with the bankruptcy court issuing a final judgment on those claims. *Wellness Intern. Network, Ltd. v. Sharif,* 135 S.Ct. 1932, 1944-1948 (2015). (Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge.) That consent need not be "express," and can be "inferred from a party's conduct during litigation." *Roell v. Withrow*, 123 S.Ct. 1696 (2003).

In addition, except for the jury trial issue discussed above the *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985) factors weigh against withdrawal. Specifically, (1) the Trustee's fraudulent transfer lawsuit is a core proceeding as stipulated in the joint pre-trial order and pursuant to 28 U.S.C. § 157(b)(2)(H), (2) withdrawal would not foster a more economical use of the parties' resources because a bench trial was conducted, a judgment was rendered in the bankruptcy court and this matter is now on appeal before this Court; (3) withdrawing the reference would not expedite the bankruptcy process and (4) the timing of Wessel's motion raises issues of forum shopping. *Kingdom Fresh Produce, Inc. v. Delta Produce, LP*, 2015 WL 869240, at *4 (W.D. Tex. Feb. 27, 2015) ("Motions to withdraw pose significant risks of forum shopping because a party

can first observe the bankruptcy judge'[s] rulings, and then decide whether to bring the motion.")

Accordingly, the Motion to Withdraw Reference, Rec. Doc. [1], is DENIED and this matter is DISMISSED WITH PREJUDICE.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 25th day of July, 2019.

_____
MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE